UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-491-RJC
(3:05-cr-340-RJC)

| | |
|---|---|
| ELIJAH JUNIOR SIMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on a review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). On February 28, 2012, the Court entered an Order directing Petitioner to file his Section 2255 motion under penalty of perjury. (Doc. No. 5). See Rule 2(b)(5), 28 U.S.C. foll. § 2255. On March 7, 2012, Petitioner complied with the Court's Order and this matter is now ready for resolution.

**I.  BACKGROUND**

On September 27, 2005, Petitioner was charged in an indictment returned by the grand jury sitting for the Western District of North Carolina. (Case No. 3:05-cr-340, Doc. No. 1: Indictment). Count One charged Petitioner with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count Two charged Petitioner with knowingly possessing with intent to distribute 5-grams or more of cocaine base, in violation of 21 U.S.C. § 841. (Id. at 1-2). On September 30, 2005, the Government served an Information on Petitioner pursuant to 21 U.S.C. § 851, which set forth his previous felony drug conviction, to wit, possession with intent to sell/deliver cocaine, in Mecklenburg County Superior Court, on or about February 3,

1

1994. (Case No. 3:05-cr-340, Doc. No. 3 at 1). Counsel entered a notice of appearance on Petitioner's behalf and the case came on for a jury trial on February 15, 2006. On February 16, 2006, the jury returned a verdict finding Petitioner guilty of both counts in the indictment. (Case No. 3:05-cr-340, Doc. No. 31: Jury Verdict). On November 28, 2006, Petitioner appeared before the Court with counsel for his sentencing hearing. The Court sentenced Petitioner to 120-months for conviction on Count One and a concurrent term of 120-months for conviction of Count Two. (Case No. 3:05-cr-340, Doc. No. 39: Judgment in a Criminal Case). On December 20, 2006, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Case No. 3:05-cr-340, Doc. No. 41). On June 4, 2007, the Fourth Circuit entered an Order remanding Petitioner's case for the limited purpose of conducting a hearing on whether there was a potential conflict of interest between Petitioner and Petitioner's counsel. United States v. Sims, No. 07-4019 (4th Cir. filed June 1, 2007). (Doc. No. 57). The Court conducted the mandated hearing on August 6, 2007, and Petitioner decided to waive any potential conflict of interest and continue with his appellate counsel, who had also served as his trial counsel.

On December 9, 2008, the Fourth Circuit filed an unpublished Opinion upholding Petitioner's conviction and sentence in all respects. United States v. Sims, 302 F. App'x 195 (4th Cir. 2008) (per curiam). (Doc. No. 59). On appeal Petitioner raised the following claims: (1) the district court erred in denying his motion to continue his trial; (2) the district court erred in denying his motion to suppress evidence; and (3) the district court erred in admitting evidence from events occurring between July 20, 2005, and August 1, 2005. The Court rejected each of Petitioner's arguments. Id. at 197-98.

The Court also noted that Petitioner had filed a motion to vacate his convictions along with his appeal. Petitioner asserted "that three years after the events giving rise to his

2

convictions, Officer Holas was himself charged with and pled guilty to conspiracy to possess with intent to distribute crack cocaine." Id. at 199. The Court dismissed the motion to vacate after observing that Petitioner did not "allege that Holas' testimony at [Petitioner's] trial was in any way false or misleading." Id.

In this present Section 2255 motion, Petitioner moves the Court to "consider the new evidence that ex-police officer Gerald Holas was arrested for drug trafficking" and to consider that the "evidence that Split Rail Lodge doesn't have telephones in its rooms, contrary [] to allegations by Officer Holas that it was a 'hang up' call." (Doc. No. 1 at 1). Petitioner explains that his Section 2255 motion is before the Court "on Movant's Sixth Amendment guarantee [to] the right to effective assistance of counsel and his Fifth Amendment right to effectively cross-examine his defense." (Id. at 2).

Almost two months after Petitioner filed his Section 2255 motion, he filed a brief to amend his Section 2255 motion. (Doc. No. 2). In this brief, Petitioner argues that the district court committed error in denying his motion to suppress and in finding that the rules of the Charlotte-Mecklenburg Police Department did not violate Petitioner's rights as guaranteed by the Fourth Amendment. (Id. at 2). Second, Petitioner contends that the district court committed reversible error in allowing evidence in his trial under Rule 404(b) of the Federal Rules of Civil Procedure. (Id.). Last, Petitioner again raises his argument regarding Officer Holas' conviction subsequent to his conviction and its prejudicial effect on his right to a fair trial. (Id.).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

relief. The Court finds that no response is necessary from the Government.

Petitioner has not requested an evidentiary hearing. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Claim Raised and Decided on Direct Appeal

#### 1. Suppression Motion

Plaintiff again argues that the Court erred in failing to suppress evidence at his trial. Although it is somewhat difficult to follow the wide-ranging nature of his argument on this point, it is clear that Petitioner is trying to revisit the suppression issue. Plaintiff contends that on April 26, 2005, his constitutional rights were violated, arguing generally that the officers who arrested him did not have probable cause and therefore he was the victim of an illegal search which violated his Fourth Amendment rights. (Doc. No. 1 at 5). The Fourth Circuit's Opinion addressed Petitioner's argument regarding a Fourth Amendment violation arising from his April 26, 2005 arrest, and found the following:

> The events out of which the charges arose occurred on April 26, 2005. On that date, Charlotte-Mecklenburg Police Officer Marianne Baltimore received information that Alex Gibson dealt crack cocaine from an address on Dakota Street and that every day his supplier would arrive in an SUV between 3:00 p.m. and 6:00 p.m. Officers Baltimore, Jonathan Tobbe, Gerald Holas, and Shawn Crooks proceeded to the Dakota Street address. Upon arriving at approximately 4:30 p.m., Baltimore and Tobbe observed an SUV in front of the address. The officers ran the license plate on the SUV and discovered that the vehicle was registered to Sims, whom Holas knew was involved in drug dealing. Armed with this information, Crooks approached Sims and asked him to step out of the vehicle. As Sims did so, he volunteered in response to Crooks' inquiry whether there were any guns in the car that he had a 9 mm handgun in the glovebox. At the moment Crooks asked Sims to get out of the vehicle, Crooks had reasonable, articulable suspicion that Sims might have been engaged in criminal activity. (internal citation omitted).
>
> The officers received Sims' consent to search his person and vehicle. Because the

searches of Sims and his SUV occurred with Sims' consent, the Fourth Amendment warrant requirement was inapplicable. Lattimore, 87 F.3d at 650. When the search of Sims' person and SUV did not yield any narcotics, Tobbe obtained Sims' consent to conduct a more thorough search of Sims' person because Tobbe believed Sims had drugs concealed under an Ace bandage wrapped around his midsection. After Sims revoked his consent to search his person, Crooks properly arrested him for being a felon in possession of a firearm. Crooks ultimately discovered Sims' crack cocaine in a search incident to Sims' arrest. United States v. Currence, 446 F.3d 554, 557 (4th Cir. 2006). Accordingly, the district court did not err in denying Sims' motion to suppress.

Sims, 302 F. App'x at 197-98.

Issues previously decided on direct appeal cannot be recast in the form of a Section 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Petitioner has not argued for an intervening change in the law, rather, he is simply moving this Court to revisit an issue conclusively decided by the Fourth Circuit. This argument is overruled.

### 2. Officer Holas

Petitioner also revives his argument regarding Officer Holas, contending that Holas was convicted of drug charges following Petitioner's conviction. Again, the Fourth Circuit examined this argument and disposed of it, concluding that Petitioner "did not allege [] that Holas' testimony at Sims' trial was in any way false or misleading." Sims, 302 F. App'x at 199. This argument regarding Holas is therefore overruled.

### 3. Rule 404(b) Evidence

Petitioner next argues that the Court erred in allowing evidence obtained between July 20, 2005, and August 1, 2005. (Doc. No. 2 at 5). The Fourth Circuit addressed this argument as well and dismissed it after concluding that the Court did not abuse its discretion in admitting this

5

evidence. This argument is overruled.

　　　　B.　　Ineffective Assistance of Counsel

Petitioner's final argument appears to allege ineffective assistance of counsel. Petitioner's argument is as follows:

> Also my ex-attorney Tolly A. Kennon III let the police officer's of (C.M.P.D.) manipulate my position during trial by allowing the police officer to cut the picture of my passenger's house from the jury. This was a major breakthrough that the jury did not have the opportunity to see the real phenomenon of this case. Because numerous parts of evidence was not utilized, another prime example, no character witnesses or any of the witneeses that was on the scene, all these was omitted.

(Doc. No. 1 at 4).

A defendant charged with a criminal offense has the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden of proof, a "reviewing

6

court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

Petitioner appears to contend that if his trial counsel had shown a picture of his passenger's house, and if character witnesses had been called, the outcome would have been different. These conclusory allegations will not support either prong of Strickland. The burden of proving Strickland prejudice is on the Petitioner, and merely offering conclusory statements without demonstrating how these alleged errors prejudiced Petitioner's case, are insufficient. Petitioner's argument for ineffective assistance of counsel is wholly unsupported and without merit.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that a dispositive

procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge